United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Michael E. Van Thuyne  
Phyllis Van Thuyne  
    Debtors

Case No. 17-12941-amc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: Randi      Page 1 of 1      Date Rcvd: Aug 04, 2017  
                       Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 06, 2017.  
db/jdb       +Michael E. Van Thuyne,   Phyllis Van Thuyne,   48 Bridle Path Lane,   Feasterville, PA 19053-6317

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2017 at the address(es) listed below:  
         CHRISTINE LEIGH BARBA    on behalf of Creditor    Beneficial Bank barbac@ballardspahr.com  
         JON M. ADELSTEIN    on behalf of Plaintiff Phyllis  Van Thuyne jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com  
         JON M. ADELSTEIN    on behalf of Plaintiff Michael E. Van Thuyne jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com  
         JON M. ADELSTEIN    on behalf of Debtor Michael E. Van Thuyne jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com  
         JON M. ADELSTEIN    on behalf of Joint Debtor Phyllis  Van Thuyne jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                                                                     TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| MICHAEL E. VAN THUYNE and PHYLLIS VAN THUYNE, | Case No. 17-12941-amc |
| Debtors. | |

**STIPULATION AND PROPOSED ORDER
BY AND BETWEEN DEBTORS AND BENEFICIAL BANK
REGARDING CLAIM NO. 1-1**

Debtors Michael E. Van Thuyne and Phyllis Van Thuyne ("Debtors"), and creditor Beneficial Bank, f/k/a Beneficial Mutual Savings Bank ("Beneficial"), by and through their respective undersigned attorneys, enter into this Stipulation and Proposed Order (the "Stipulation") and hereby stipulate and agree as follows:

WHEREAS, on or about March 4, 2008, the Debtors obtained a commercial loan in the original principal amount of $48,000 (the "Loan") from Beneficial, secured by a certain mortgage dated March 4, 2008, and recorded on July 14, 2008, with the Bucks County Recorder of Deeds in Book 5853, Pages 909 et seq., Instrument No. 2008062419 (the "Mortgage"), pursuant to which Beneficial holds a lien on the Debtors' principal residence located at 48 Bridle Path Lane, Feasterville, Bucks County, Pennsylvania (the "Residential Property").

WHEREAS, on April 26, 2017 (the "Petition Date"), Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, commencing the above-captioned bankruptcy case at Case No. 17-12941-amc (the "Bankruptcy Case").

WHEREAS, on May 1, 2017, Debtors filed a Chapter 13 plan [Dkt. No. 7] (the "Plan") proposing, among other things, to treat Beneficial's secured claim as unsecured, subject to appropriate motion or adversary action filed under Section 506(a) of the Bankruptcy Code;

WHEREAS, on June 26, 2017, Beneficial filed proof of claim No. 1-1 in the Bankruptcy Case asserting a claim as of the Petition Date in the amount of $23,675.78, fully secured by the Mortgage on the Debtors' Residential Property (the "Claim").

WHEREAS, the Debtors assert, and Beneficial does not dispute, that the fair market value of the Residential Property is $235,000.00, and that the principal balance owed to the holder of the first mortgage on the Residential Property is approximately $254,418.13.

WHEREAS, Debtors and Beneficial desire to avoid the further expense of litigation, including any further litigation concerning the valuation of the Residential Property and/or the secured status of Beneficial's Claim in this Bankruptcy Case, they hereby stipulate and agree as follows, with the foregoing recitals incorporated by reference as if fully set forth in this Stipulation:

1. For purposes of this Bankruptcy Case, the value of the Residential Property as of the Petition Date is $235,000.00.

2. Beneficial's Claim, filed in the Bankruptcy Case as Claim No. 1-1, shall be allowed in full as an unsecured claim in the amount of $23,675.78 (the "Claim").

3. Upon the entry of the Debtors' discharge in this Bankruptcy Case, the Mortgage held by Beneficial on the Residential Property shall be deemed satisfied and shall be extinguished automatically, without further action by Beneficial or Debtors and without further court order.  Unless and until discharge has actually been entered, Beneficial shall retain the lien of its Mortgage.

4. Nothing in this Stipulation and Order is intended to prohibit Beneficial from asserting, at any time prior to the time when the Mortgage is deemed satisfied in accordance with the terms hereof, any rights it may have in connection with any foreclosure proceeding which may be brought by a senior mortgagee (including, without limitation, the right to claim excess proceeds from any foreclosure sale), and/or to payment of its Claim in full in the event that the Residential Property is sold or refinanced by the Debtors prior to completion of the Plan and entry of discharge.

5. To the extent this Stipulation and Order conflicts with the Plan, the Stipulation and Order shall control.

STIPULATED AND AGREED on __7/31__, 2017:

_Michael H. Kaliner_
Michael H. Kaliner, Esquire
Adelstein & Kaliner LLC
Penn's Court
350 South Main Street, Suite 105
Doylestown, PA 18901
Tel: (215) 230-4250
Fax: (215) 230-4251
Email: mhkaliner@gmail.com
Counsel for Debtors, Michael E. Van Thuyne
and Phyllis Van Thuyne

_Christine L. Barba_
Christine L. Barba, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 864-8515
Fax: (215) 864-8999
BarbaC@ballardspahr.com
Counsel for Beneficial Bank, f/k/a Beneficial Mutual Savings Bank

SO ORDERED:

Dated: **August 4, 2017**

_Ashely M. Chan_
Hon. Ashely M. Chan, U.S.B.J.